BROWN, C.J.,
dissents
| ¶ Seventy-three-year-old Harry B. Lawson, Jr. has lived on a 348-acre tract in sections 19 and 20 all of his life. Lawson is the owner of defendant, L.L. Golson, Inc, Golson was his grandfather. The titled boundary with' plaintiffs property is the section line. The property at issue in this appeal is in section 20, A long time ago, there was a wagon road that was fenced on both sides. Plaintiff now owns the north side (his grandmother had' this property before him), The north side fence on the wagon road has disappeared into the thicket. Lawson has kept up the south side fence—it is called the livestock fence.
' In November 2014, Lawson took down the south' side fence and cleared the land that was the wagon road and built a new (north side) fence on the section line. Plaintiff claims that he now owns all of the old wagon road up to the south, side fence by more than 30 year’s prescription. The only issue .is whether plaintiff ever sufficiently possessed the land. One who pos *1293 sesses by virtue of a title is deemed to have constructive possession within the limits of his title. In the absence of title, one has possession only of the area that he actually possesses. La. C.C. art. 3426.
There was testimony from Harry Lawson, 89-year-old O.D. Madden, and 81-year-old Wiley Garrett that the wagon road did exist. O.D Madden, who is plaintiffs cousin, specifically remembered fences on both sides of the road. An expert (surveyor Robert Davis) testified that he found some evidence that there was a north side fence and road. The trial court found that the wagon road and north fence have been gone for more than 30 years.
The court went out to the property and specifically observed that the fence and road were mostly gone but there were some signs to show where |2they had been. Thus, did plaintiff possess this strip? Plaintiff testified that he walked the fence line once a year and hunted squirrels in the area which included this strip. Plaintiff obviously ranched and farmed his property further north of this strip,
This is an unusual prescription issue. I do not believe that Dr. Madden sufficiently possessed this small strip of property and would reverse.
APPLICATION FOR REHEARING
Before WILLIAMS, DREW, STONE and BLEICH, JJ.
Rehearing denied.